UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME VARELA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>WELLS FARGO HOME MORTGAGE, et al.,<br><br>　　　　Defendants. | Case No.: C-12-3502 KAW<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE** |

Plaintiffs Jamie and Noelia Varela brought this suit against Defendants Wells Fargo Home Mortgage ("Wells Fargo") and Cal-Western Reconveyance Coporation ("Cal-Western"). Pending before the Court are Defendants' August 8, 2012 motions to dismiss Plaintiffs' first amended complaint and to strike portions of Plaintiffs' first amended complaint.

The Court held a hearing on the motions on December 6, 2012. Kimberly Moses appeared on behalf of Plaintiffs, and Michael Rapkine appeared on behalf of Defendants. For the following reasons, the motion to dismiss is granted with leave to amend, and the motion to strike is denied as moot.

**I.　Background**

Plaintiffs filed this action in Alameda Superior Court on July 3, 2012, alleging nine causes of action against Defendants based on conduct during the origination of Plaintiffs' mortgage loan, negotiations regarding modification of the loan, and foreclosure proceedings on Plaintiffs' house.

Defendants removed the case to this court on July 5. Plaintiffs filed a first amended complaint on July 16. Defendants filed a motion to dismiss the first amended complaint and a motion to strike portions of the first amended complaint on August 8.

Plaintiffs' first amended complaint contains nine causes of action: fraud in origination of loan, violation of California Civil Code §2923.5, violation of RESPA, rescission, violation of California Business & Professions Code §§ 17200 *et seq.*, Unfair and Deceptive Business Act Practices (UDAP), negligence, declaratory relief, and quiet title. Dkt #12.

Plaintiffs allege the following facts. Plaintiffs speak Spanish, and have a limited ability to speak and understand English. *Id.* at ¶ 20. They obtained an adjustable rate mortgage from World Savings Bank (purchased by Defendants Wachovia/ Wells Fargo Home Mortgage). *Id.* at ¶18. Agent Peter Mauri of Mauri Financial filled out their loan application by asking them questions over the phone. *Id.* at ¶19. Mauri Financial acted on behalf of World Savings by collecting information and submitting the loan application to World Savings underwriters. *Id.* Mauri Financial received a commission from World Savings. *Id.*

Plaintiffs never personally filled out a loan application or reviewed the application. *Id.* at ¶21. Plaintiffs provided their tax returns to Mauri Financial. *Id.* Their income was approximately $1,800 a month, but "Defendants stated Plaintiffs' income as $18,325 combined gross monthly income." *Id.*

Plaintiffs were not given the opportunity to read the loan documents before the date of signing. On that date, there were "mounds" of loan documents, and they were all in English. *Id.* at ¶23. No one explained the loan documents to Plaintiffs. *Id.*

Plaintiffs' loan payments increased over the years, but Plaintiffs did not understand what was happening. *Id.* at ¶24. Plaintiffs requested the underwritten documents, but the servicer refused to "fully respond." *Id.* Plaintiffs finally discovered some of the information that was in their loan documents during a loan modification review in July 2011. *Id.* at ¶25.

The lender's appraiser had appraised the property at a higher value than it was worth; as a result, Plaintiffs lost all equity in the property. *Id.* at ¶27.

Plaintiffs asked Wells Fargo for information regarding a loan modification in May 2010. *Id.* at ¶28. Wells Fargo told them that the bank would not assist them, as they were current on their mortgage payment. *Id.* Plaintiffs were advised to stop making their mortgage payments before submitting their application for a loan modification. *Id.* Plaintiffs submitted a loan modification application in July 2010. *Id.* at ¶29. Wells Fargo eventually denied Plaintiffs' application for a loan modification. *Id.*

On August 12, 2012, Plaintiffs were told that Wells Fargo, through Cal-Western, recorded a Notice of Trustee's Sale on the property. *Id.* at ¶31.

At the hearing, the parties stated that the sale of the property is currently set for December 10, 2012.

**II.     Motion to Dismiss**

Defendants move to dismiss Plaintiffs' first amended complaint on various grounds, as set out in detail below.

    **A.     Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss based on rule 12(b)(6) challenges the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### B. Request for Judicial Notice

As a preliminary matter, Defendants ask that the Court take judicial notice of a number of documents in support of its motion to dismiss. The documents are purportedly true and correct copies of: A) a Deed of Trust recorded in Alameda County Recorder's Office on August 17, 2005; B) a Certificate of Corporate Existence dated April 21, 2006 issued by the Office of Thrift Supervision certifying that World Savings Bank, FSB, is a federal savings bank; C) a letter dated November 19, 2007 on the letterhead of the Office of Thrift Supervision authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB; D) the Charter of

Wachovia Mortgage, FSB; E) Official Certification of the Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.; F) a printout from the Federal Deposit Insurance Corporation dated September 2, 2012; G) a Notice of Default and Election to Sell Under Deed of Trust recorded in Alameda County Recorder's Office on October 28, 2010; H) a Notice of Trustee's Sale Trust recorded in Alameda County Recorder's Office on August 12, 2011; I) a complaint in a case in the Alameda County Superior Court titled *Jaime Varela et al. v. Cal-Western Reconveyance Corp., et al.*; J) an order dated September 6, 2011 filed in the same case; K) a request for dismissal filed in the same case; L) an Adjustable Rate Mortgage Note signed on August 17, 2005 by Jaime and Noela Varela.

Plaintiffs do not oppose Defendants' request for judicial notice. The accuracy of the information contained in the documents is indeed hearsay and could reasonably be questioned. But as Plaintiff has not disputed the authenticity of Exhibits A, G, H, I, J, and K, the Court finds that the exhibits are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Accordingly, the Court will take notice of the existence of the documents and the date on which they were recorded, but will not assume the truth of the facts therein.

As for Exhibits B through F, Defendants argue that they are appropriate for judicial notice because they "reflect the official acts of United States' executive departments." The California Evidence Code provides that judicial notice is proper for documents that reflect the acts of executive agencies of the United States government. *See* California Evidence Code § 452 (c) (judicial notice may be taken of official acts of the legislative, executive or judicial departments). Some district courts in California follow the California Evidence Code by judicially noticing official acts of the OTS, the Comptroller of the Currency, and the FDIC. *See, e.g., Coppes v. Wachovia Mortgage Corp.*, 2010 WL 4483817 (E.D. Cal. 2010) at *2-*3 (collecting cases). As Plaintiffs do not object to Defendants' request that the documents be

judicially noticed, the Court will take notice of the existence of the documents and the date on which they were recorded, but will not assume the truth of the facts therein.

### C. Preemption Under the Home Owners' Loan Act

Defendants argue that Plaintiffs' first, second, fifth, sixth, seventh, eighth, and ninth causes of action are preempted by the Home Owners' Loan Act (HOLA). *See* 12 C.F.R. § 560.2. HOLA expressly preempts state laws with respect to the "entire field of lending regulation for federal savings associations," and states that "federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section." 12 C.F.R. § 560.2(a).

HOLA specifically provides that state laws purporting to impose requirements regarding "[l]oan-to-value ratios," "terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate," "[d]isclosure and advertising," and "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" are all preempted. *Id.* § 560.2(b). However, state laws are not preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section." *Id.* § 560.2(c). For example, state contract, property and tort laws are not preempted if they meet the above requirements. *Id.*

The Ninth Circuit has held that in order to analyze whether state law is preempted by HOLA:

> . . . the first step [is] to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

*Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008).

Preliminarily, HOLA applies to this case even though Wells Fargo is not a federal savings association, because Plaintiffs' loan originated with a federal savings bank, World Savings Bank. *See*, *e.g.*, *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 971 (N.D. Cal. 2010) (holding that "although Wells Fargo itself is not subject to HOLA and OTS regulations, this action is nonetheless governed by HOLA because Plaintiff's loan originated with a federal savings bank and was therefore subject to the requirements set forth in HOLA and OTS regulation."); RJN, Ex. A.

Plaintiffs' first, second, fifth, sixth, seventh, eighth, and ninth causes of action are titled fraud in origination of loan, Cal. Civ. Code § 2923.5, Cal. Bus. & Prof. Code § 17200 et seq., UDAP, negligence, declaratory relief, and quiet title. Although Plaintiffs bring these causes of action under various state statutes and common law doctrines, the causes of action are based on allegations regarding disclosures during the loan origination process; the terms of the loan itself; Defendants' conduct during loan modification negotiations; and the foreclosure process.

### 1. Plaintiffs' allegations relating to disclosures, loan origination, and the terms of the loan are preempted or fail to state a claim.

Plaintiffs' fraud in origination cause of action contains the following allegations: the interest rate quoted in the loan document was fraudulent because the interest rate was guaranteed to increase; the monthly payment was bound to increase; the principal was bound to increase, as the monthly payments would not cover the interest; Defendants did not disclose these facts to Plaintiffs; the loan documents contained a "half-truth" stating that the interest rate and payments "may" change, when in fact they were guaranteed to change; and Plaintiffs' loan application was falsified to grossly overstate their income so that they could qualify for the loan. These allegations relate to the terms of credit, amortization of loans, disclosures, and the processing and origination of mortgages, therefore, with one exception, the allegations are preempted by HOLA under § 560.2(b). *See*, *e.g.*, *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 972 (N.D. Cal. 2010) ("Because this claim is entirely based on Defendants' disclosures and the provision of credit-related documents, it falls within the specific type of preempted state laws listed in § 560.2(b)(9)"); *Newsom v. Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1012-13 (N.D.

Cal. 2010) (finding that HOLA preempted fraud claim alleging that defendant failed to provide disclosures and misrepresented interest rates and fees); *Reyes v. Premier Home Funding, Inc.*, 640 F. Supp. 2d 1147, 1156 (N.D. Cal. 2009) (finding that HOLA preempted negligence claim alleging that Defendants failed to explain material terms of a loan agreement).

Similarly, Plaintiffs' section 17200 and UDAP causes of action are also based in part on allegations relating to disclosures during the loan origination process, the terms of the mortgage, and underwriting procedures. These causes of action are preempted to the extent that they are based on these allegations because the allegations fall under the types of laws listed in § 560.2(b).

Plaintiffs have already filed one amended complaint, and could not explain during the hearing how they would amend their allegations to avoid preemption. Accordingly, the Court finds that Plaintiffs' causes of action based on allegations regarding procedures or omissions during the loan origination process—with one exception, as discussed below—are preempted, and dismisses them without leave to amend, as amendment would be futile.

The allegation that that Plaintiffs' loan application was falsified to grossly overstate their income is not preempted by HOLA. Allegations of express deception are not preempted by HOLA. *See DeLeon v. Wells Fargo Bank, N.A.*, 10-CV-01390-LHK, 2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ("certain claims of express deception and breach of contract may survive preemption under HOLA"); *Gibson v. World Savings & Loan Assn.*, 103 Cal.App.4th 1291, 1303–04 (Cal. Ct. App. 2002) (HOLA does not preempt "duties to comply with contracts and the laws governing them and to refrain from misrepresentation").

But this allegation does not support a cause of action against Wells Fargo, because Plaintiffs allege that their broker, not Wells Fargo, falsified their loan application. In their opposition to the motion to dismiss, Plaintiffs argue that the broker was an ostensible agent of World Savings Bank. "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." Cal. Civ. Code § 2300. The complaint contains no facts to support an ostensible agency relationship. Plaintiff alleges that World Savings Bank had access to the loan application

8

and benefitted from the broker's actions, and that the bank paid the broker a commission for the loan. These allegations do not show that World Savings Bank caused Plaintiffs to believe that the broker was acting as its agent. *See Hague v. Wells Fargo Bank, N.A.*, 2012 WL 1029668 at *6 (N.D. Cal. Mar. 26, 2012); *Sandry v. First Franklin Financial Corp.*, 2011 WL 202285 at *3-4 (E.D. Cal. 2011). Although Plaintiffs ask in their opposition for leave to amend their allegations regarding agency, they do not explain what new facts they could allege to establish ostensible agency, and could not provide additional facts when asked at the hearing. Accordingly, the Court finds that amendment would be futile, and dismisses this allegation without leave to amend.

        **2.**         **Plaintiffs' allegations relating to Cal. Civ. Code § 2923.5 are preempted.**

Plaintiffs' causes of action titled Cal. Civ. Code § 2923.5, Cal. Bus. & Prof. Code § 17200, and "Declaratory relief," all contain allegations that Defendant did not comply with § 2923.5.

Defendants move to dismiss these allegations on the basis that they are preempted by HOLA. Federal courts have found that allegations relating to foreclosure are preempted by HOLA, because they fall within § 560.2(b)(10)—that is, the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." Federal courts have specifically found that § 2923.5 is preempted by HOLA. *See*, *e.g.*, *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1033 (N.D. Cal. Oct. 27, 2010), *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1127 (N.D. Cal. 2010) (collecting cases with similar holdings).

Plaintiffs cite *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 226 (Cal. Ct. App. 2010), for the proposition that § 2923.5 is not preempted by HOLA because relief is limited to a postponement of foreclosure, as opposed to damages. But state law is not controlling on the issue of federal preemption. *See Tanguinod v. World Savings Bank, FSB*, 755 F. Supp. 2d 1064, 1074 (C.D. Cal. 2010).

Plaintiffs also argued at the hearing that Wells Fargo's actions during foreclosure proceedings are not preempted because Wells Fargo is not a federal savings association and

World Savings Bank, which was a federal savings association, was not involved in the foreclosure proceedings. But because the loan originated with World Savings Bank, district courts have held that HOLA preempts all conduct relating to the loan. *Sato v. Wachovia Mortg., FSB*, 2011 WL 2784567 (N.D. Cal. July 13, 2011) (collecting cases); *DeLeon*, 729 F. Supp. 2d at 1127 (dismissing § 2923.5 claim as preempted even though Wells Fargo was the actor during the foreclosure proceedings, as "the same preemption analysis would apply to any alleged conduct after November 1, 2009, when the lender merged into a national banking association"); *Ngoc Nguyen*, 749 F. Supp. 2d at 1031-32. *But see Avila v. Wells Fargo*, 2012 WL 2953117 (N.D. Cal. July 19, 2012) ("questioning" whether HOLA applied to claims where the conduct occurred after Wachovia's merger with Wells Fargo). The undersigned follows the majority of the precedent in this district, and finds that HOLA applies to this action.

Regardless, the claim must be dismissed, as the remedy under § 2923.5 is limited to postponement of foreclosure. *See Mabry*, 185 Cal. App. 4th at 235. The parties stated at the hearing that the foreclosure sale would occur on December 10, 2012. As that date has now passed, Plaintiffs lack a remedy for violations of the statute, unless the sale has not taken place for some reason. *See Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 877-78 (N.D. Cal. 2010) (after the property had been sold at foreclosure, no remedy remained for a violation of § 2923.5).

### 3. Plaintiffs' allegations relating to loan modification negotiations are preempted.

As currently pled, Plaintiffs' causes of action titled UDAP and negligence, which are based in part on allegations regarding Wells Fargo's communications with Plaintiffs regarding a possible loan modification are also preempted by HOLA, as requests for loan modifications fall within §560.2(b)(10)—that is, the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages."

Plaintiffs allege that Wells Fargo told them that the bank would not review their application for a loan modification unless they were in default, "therefore forcing Plaintiffs to default on their obligations," mishandled and improperly serviced their loan modification

application, and eventually denied the loan modification application without explanation. These allegations are preempted. *See Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 417 (N.D. Cal. 2009); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1127 (N.D. Cal. 2010). Plaintiff does not assert that Defendants breached an actual contract to modify the loan. *Cf. Gibson v. World Savings and Loan Association*, 103 Cal. App. 4th 1291, 1303-04 (2002) (holding that "the duties to comply with contracts and the laws governing them and to refrain from misrepresentation . . . are principles of general application. They are not designed to regulate lending and do not have a disproportionate or otherwise substantial effect on lending," and finding that a breach of contract claim based on the defendant bank's charging for more expensive property insurance was not preempted).

In addition, there is no California statute called "UDAP." *See Avila v. Wells Fargo Bank*, 2012 WL 2953117 at *11 (N.D. Cal. July 19, 2012) (suggesting that facts alleged under a "UDAP" cause of action might be construed as a § 17200 claim, or a violation of the Federal Trade Commission Act, 15 U.S.C. 45(a)(1), and dismissing the cause of action "[a]s it appears plaintiff intended the UDAP claim to be separate from the formerly alleged 17200 claim, and . . . the Court cannot determine the basis of the UDAP claim in the operative complaint"). Plaintiffs' complaint alleges that Wells Fargo acted "unfairly and deceptively in the loan modification process," but does not identify an underlying statute, or cite authority supporting their argument that Defendant's conduct relating to loan modification is actionable. The allegations pertaining to loan modification cannot be recast under a § 17200 cause of action, because Plaintiffs have not pled an underlying violation of law stemming from Defendant's conduct during the loan modification negotiations. *See Fortaleza v. PNC Fin. Services Group, Inc.*, 642 F. Supp. 2d 1012, 1020 (N.D. Cal. 2009) (dismissing § 17200 cause of action because "plaintiff has failed to allege and identify any state, federal, or local law or policy that serves as the predicate for recovery under § 17200").

These allegations are dismissed without leave to amend.

### 4. Plaintiffs' Declaratory Relief and Quiet Title causes of action may be amended to the extent that they are not based on allegations which have been dismissed without leave to amend.

The specific factual allegations underlying Plaintiffs' causes of action for declaratory relief and quiet title are somewhat unclear, because both causes of action state that they "reallege and incorporate by reference all preceding paragraphs" in the complaint. FAC ¶ 183, 188. The declaratory relief cause of action states that "Defendants wrongfully and unlawfully initiated a foreclosure proceeding . . . in direct contravention of the terms set forth in the above referenced Agreements which Defendants, and each of them, breached in bad faith." FAC ¶ 184-85. It is unclear what "above referenced Agreements" the cause of action refers to. Similarly, the quiet title cause of action contains allegations that "the purported power of sale contained in the Deed of Trust is of no force and effect because of Defendants' failure to comply with the provisions set forth in California law." FAC ¶ 191. It is unclear which "provisions" of California law Plaintiffs are referring to. However, it appears that the allegations underlying this cause of action likely relate to procedures applying to the loan origination, the terms of the loan for the mortgage, negotiations regarding modification, or foreclosure proceedings, as described above. Accordingly, these allegations are likely preempted. To the extent that the causes of action are not based on preempted allegations, as explained above, they may be amended.

In their motion to dismiss, Defendants argue that these causes of action should be dismissed on a number of alternative grounds as well. *See* Defs.' Mot. to Dism. at 2 (arguing that the following causes of action should be dismissed because: as to the first claim, Plaintiffs failed to plead an increase in the interest rate or an agency relationship between Wells Fargo and their broker, the claim is barred by the statute of limitations, and any misrepresentations were made to Wells Fargo, not by Wells Fargo; as to the second claim, Wells Fargo complied with § 2923.5; as to the fifth and sixth claims, they are barred by the statute of limitations, vicarious liability does not apply, and the claim is derivative of Plaintiffs' other claims; as to the seventh claim, Plaintiff's allegations do not amount to a breach of duty, and the lender does not owe a duty of care to the borrower; as to the eighth claim, it is dependent on the other claims; and, as to the ninth claim, Plaintiffs do not allege specific adverse claims, and the claim fails for lack of tender

of the full indebtedness). Because the causes of action are preempted, and therefore must be dismissed, the Court does not rule on these arguments as to these causes of action.

### C. Real Estate Settlement Procedures Act

The third cause of action in the first amended complaint alleges that Plaintiffs sent a qualified written request (QWR) and a validation of debt (VOD) on April 23, 2012 to Wells Fargo, but that Wells Fargo failed to properly respond in that it only sent limited documents and stated that it would no longer respond to the matters raised in the correspondence. *See* 12 U.S.C. § 2601 *et seq*. In addition, Plaintiffs allege that Wells Fargo did not comply with 12 U.S.C. § 2605(e)(3), which prohibits servicers from providing information regarding overdue payments to any consumer reporting agency within 60 days after the receipt of a QWR.

Plaintiffs have attached an exhibit to the complaint, which appears to be a letter from Wells Fargo to Plaintiffs responding to Plaintiffs' correspondence. The letter states:

> Thank you for your correspondence . . .
> . . .
>
> Although you have referred to your letter as a "Qualified Written Request" under the Real Estate Settlement Procedures Act, it appears that your request is more of an attempt at discovery. A qualified written request is not a substitute for litigation discovery. Please note that 12 U.S.C. 2605(e) affords a borrower a method of disputing and challenging a specific error with the servicing of a loan. If you have a specific dispute with the servicing of the loan, please call so that we can discuss and reach a resolution to the matter.
>
> Pursuant to your request, enclosed is a copy of the Note which validates the obligation to Wells Fargo Home Mortgage under the loan referenced above.
> . . .
>
> Any documents or requested information not provided in this letter is due to the request being too broad to determine specific information needed, or are considered to be proprietary information of Wells Fargo Home Mortgage and will not be provided at this time without a subpoena.

FAC, Ex. B.

First, Defendants argue that "it is clear" from this letter that Wells Fargo actually complied with RESPA. Defendants argue that Plaintiffs have failed to allege facts explaining

13

why the response was not proper. But, as noted above, Plaintiffs' complaint alleges that Wells Fargo failed to comply with RESPA by only providing limited documents, not explaining why all of the documents were not available, failing to provide Plaintiffs with proof of the debt owed to Defendants, and providing information regarding overdue payments to one or more consumer reporting agencies.

Next, Defendants argue that Plaintiffs failed to allege that the information Plaintiffs requested related to the servicing of the loan. But Plaintiffs do allege that they sent a QWR and a VOD. If the information sought did not relate to the servicing of the loan, it would not be a QWR.

Plaintiffs' allegation that Wells Fargo failed to comply with § 2605(e)(3), which prohibits providing information regarding overdue payments to consumer reporting agencies, is insufficient to state a claim, as it is a conclusory statement that does not meet pleading standards. *Iqbal*, 556 U.S. at 678. Nevertheless, this allegation may be amended to include, if possible, sufficient facts that, taken as true, show that Defendant reported Plaintiffs' overdue payments to one or more consumer reporting agencies within 60 days after receiving Plaintiffs' QWR.

Finally, Defendants argue that Plaintiffs have failed to plead pecuniary harm resulting from the alleged violation of RESPA. A plaintiff bringing a cause of action under RESPA for failure to respond to a QWR must allege actual damages. *See Williams v. Wells Fargo Bank, N.A., Inc.*, C 10-00399 JF (HRL), 2010 WL 1463521 (N.D. Cal. Apr. 13, 2010) (collecting cases finding that conclusory allegations of damages were not sufficient). In addition, the plaintiff must "point to some colorable relationship between his injury and the actions or omissions that allegedly violated RESPA." *Allen v. United Fin. Mortgage Corp.*, No. 09–2507 SC, 2010 WL 1135787, at *5 (N.D. Cal. March 22, 2010) (dismissing RESPA claim where Plaintiff alleged he suffered damages of falling behind on his mortgage payments, negative credit impact, and emotional distress, but failed to allege the causal relationship of the damages to RESPA violations).

Here, Plaintiffs allege that they have been damaged by "ongoing penalties, fees, and interest charged by Defendant, including but not limited to a charge of 5% of their overdue

payment of principal and interest," "copying charges and postal fees in preparing and sending Defendants the herein attached QWR and VOD", and "considerable time away from their employment preparing the QWR and VOD and attempting to contact Defendants inquiring about the whereabouts of Defendants' response causing Plaintiffs to suffer additional losses of income." FAC ¶¶ 100-102. But Plaintiffs have not alleged a causal connection between Defendants' failure to properly respond to the QWR and these losses, and it is unclear why these damages would be caused by Defendants' failure to properly respond to Plaintiffs' request.

Accordingly, this cause of action is dismissed with leave to amend.

### D.     Rescission

Defendants argue that the rescission cause of action should be dismissed because it is not an independent cause of action. It is true that rescission is a remedy and not a cause of action. *See*, *e.g.*, *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 709 (N.D. Cal. 2009) (noting that rescission is not an independent cause of action). Accordingly, this cause of action must be dismissed as currently named. But Plaintiffs' opposition brief explains that the "rescission" cause of action is actually based on six separate causes of action, which are listed in a single sentence in the first amended complaint under the rescission as "reasons" to "rescind the loan": 1) a violation of Cal. Civ. Code § 1632(b); 2) violation of the Truth in Lending Act (TILA); 3) failure to provide proper disclosures; 4) intentional fraudulent acts; 5) fraudulent concealment; and 6) public policy grounds. The Court analyzes whether any of these might be a viable cause of action in this case.

California Civil Code § 1632 requires "any person engaged in a trade or business who negotiates primarily in [Spanish], orally or in writing, in the course of entering [several types of contracts to] deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated." Cal. Civ. Code. § 1632(b). Plaintiffs' first amended complaint alleges that the loan agent who negotiated the loan did so in Spanish, but did not provide Plaintiffs with an English translation of the loan agreement.

1  This claim is time-barred.  The statute of limitations for a violation of § 1632 is one year.
2  *See Melegrito v. CitiMortgage Inc.,* C 11-01765 LB, 2011 WL 2197534 (N.D. Cal. June 6,
3  2011), citing Cal. Civ.Code §§ 340(a), 1632(k), and *Castaneda v. Saxon Mortg. Services, Inc.*,
4  687 F.Supp.2d 1191, 1200 (E.D. Cal. 2009).  The events complained of took place in 2005.
5  Plaintiffs did not file this lawsuit until 2012.  Plaintiffs knew, at the time that they signed the
6  loan documents, that the documents were not in Spanish.  Plaintiffs have not, and cannot, allege
7  facts that would support tolling.

8   Similarly, any claims Plaintiffs could bring under TILA are also time-barred.  Plaintiffs
9  seem to allege that Defendant's failure to properly disclose the terms of the loan—that the
10 principal would increase, and that the loan payment would increase—support a TILA claim.
11 TILA has one year period for civil damages claims and a three year period for TILA rescission
12 claims.  *Falcocchia v. Saxon Mortg., Inc.*, 709 F. Supp. 2d 860, 867 (E.D. Cal. 2010).  The three
13 year period is a statute of repose that cannot be tolled.  *Miguel v. Country Funding Corp.*, 309
14 F.3d 1161, 1164 (9th Cir. 2002).  Plaintiffs allege that they only discovered Defendant's lack of
15 disclosure regarding the terms of the loan in July 2011.  But this allegation is implausible, as
16 Plaintiffs must have been aware that their monthly payments had increased before then.
17 Plaintiffs bought their home in August 2005, and this lawsuit was filed on July 3, 2012.  *See*
18 FAC ¶23.  A TILA claim based on these allegations is time-barred.

19  Plaintiffs' allegations based on lack of disclosure and fraud contained in state law claims
20 are preempted by HOLA or fail to state a cause of action against Defendants, as explained above.
21 Finally, Plaintiffs conceded at the hearing that their allegation that rescission should be allowed
22 as a matter of public policy should be dismissed.

23  This cause of action is dismissed without leave to amend.

### III. Motion to Strike

25  Defendants have also filed a motion to strike.  Rule 12(f) provides that "[t]he court may
26 strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or
27 scandalous matter."  Fed. R. Civ. P. 12(f).  The purpose of a motion to strike is to "avoid the
28 expenditure of time and money that must arise from litigating spurious issues by dispensing with

those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Striking is a drastic remedy that is generally disfavored *Jones v. AIG Risk Mgmt., Inc.*, 726 F. Supp. 2d 1049, 1061 (N.D. Cal. 2010). A court should view the pleading under attack in the light most favorable to the nonmoving party. *Id.*

Here, Defendant seeks to strike three paragraphs relating to punitive damages from Plaintiffs' first amended complaint for violations of RESPA. Defendants argue that Plaintiff has failed to allege facts that would support an award of punitive damages under California law. *See* Cal. Civ. Code 3294(b). But RESPA is a federal statutory cause of action, so California law does not apply.

Regardless, RESPA does not allow recovery for punitive damages. *See* 12 U.S.C. § 2605(f) (providing for actual damages, additional damages not to exceed $1,000, costs and fees). *See*, *e.g.*, *Pelayo v. Home Capital Funding*, 08-CV-2030IEGPOR, 2009 WL 1459419 (S.D. Cal. May 22, 2009).

As the RESPA cause of action is dismissed with leave to amend, the motion to strike is denied as moot. *See Vinal v. Wells Fargo Bank*, N.A., C -11-03242-EDL, 2011 WL 4344169 (N.D. Cal. Sept. 15, 2011). However, Plaintiffs are advised that their amended complaint should not contain punitive damages allegations.

**IV.  Conclusion**

The Court finds that Plaintiffs' first, second, fifth, sixth, seventh, eighth and ninth causes of action, titled fraud in origination of loan, Cal. Civ. Code § 2923.5, Cal. Bus. & Prof. Code § 17200 et seq., UDAP, negligence, declaratory relief, and quiet title, are preempted by HOLA and must be dismissed with prejudice. Plaintiffs' third cause of action, titled RESPA, must be dismissed with leave to amend because Plaintiffs have not pleaded actual damages caused by Defendants' actions. Plaintiffs' fourth cause of action, titled recission, is time-barred and otherwise not viable, and is dismissed with prejudice.

///

///

///

It is hereby ORDERED that:

1. Defendants' motion to dismiss is granted. Plaintiff may file an amended complaint within 30 days of the date of this order containing only allegations pertaining to a violation of RESPA.

2. Defendants' motion to strike is denied as moot.

**DATE: December 21, 2012**  _____
**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**