UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME VARELA, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>WELLS FARGO HOME MORTGAGE, et al.,<br><br>　　　　Defendants. | Case No.: 12-cv-3502 KAW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT |

Plaintiffs Jamie and Noelia Varela are suing Defendant Wells Fargo Home Mortgage ("Wells Fargo") for violations of the Real Estate Settlement Procedures Act (RESPA).[1] Pending before the Court is Defendant's February 7, 2013 motion to dismiss the second amended complaint. For the following reasons, Defendant's motion to dismiss is granted, with leave to amend.

**I.  Background**

Plaintiffs filed this action in Alameda Superior Court on July 3, 2012, suing multiple Defendants for conduct during the origination of Plaintiffs' mortgage loan, negotiations regarding modification of the loan, and foreclosure proceedings on Plaintiffs' house.

Defendants removed the case to this court on July 5. Plaintiffs filed a first amended complaint on July 16. Defendants filed a motion to dismiss the first amended complaint on August 8. On December 21, 2012, the Court granted the motion to dismiss the first amended

---

[1] Plaintiffs' previous complaints named multiple Defendants, but the second amended complaint names only Wells Fargo. The clerk of the Court shall terminate former Defendant Cal-Western Reconveyance Corporation on the docket.

complaint with leave to amend. On January 22, 2013, Plaintiffs filed the second amended complaint.

The second amended complaint contains one cause of action for violations of RESPA, 12 U.S.C. § 2601 *et seq*, against one Defendant, Wells Fargo. Plaintiffs allege the following relevant facts. In August 2005, Plaintiffs obtained an adjustable rate mortgage from World Savings Bank (purchased by Wachovia/ Wells Fargo Home Mortgage). SAC at ¶ 14. Plaintiffs' loan payments increased over the years, but because Plaintiffs did not understand the terms of the loan they had signed, they did not know why their payments were increasing. *Id.* at ¶ 20. Plaintiffs "diligently sought requests for the underwritten documents in order to address the information within those documents. The servicer refused to fully respond, so the Plaintiffs had no way to allege the extent of errors on their loan." *Id.*

Plaintiffs sent a letter to Defendant Wells Fargo, which they claim was a qualified written request (QWR) under RESPA. In the letter, Plaintiffs' attorney asked to be informed of the "basis on which the particular amounts are claimed, what assignments or transfers have been made with respect to servicing of the loan in order to identify the proper holder of the note, if the note has been securitized, whether any related security is registered with the Securities and Exchange Commission, and ultimately whether you have any legal standing to make a claim in these premises against [Plaintiffs]." *Id.* at ¶ 28. Plaintiffs' attorney's letter further stated:

> I suspect violations of the RESPA or of the TILA [(Truth in Lending Act)] in the processing of certain fees associated with my client's Loan and Loan Documentation. I also am disputing the current balance of my Clients loan. Please provide my office a specific breakdown of all the fees and an explanation of why such charges were incurred. Please also provide my client with any and all notices that have not been provided which my client was legally entitled to receive. Section 6, 12 USC §2605(b) requires notice to the borrower of any transfer, for which my Client has no record, and 12 USC §2605(i)(3) defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 10 [12USC §2609], and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan, for which the Client has not been provided a history."

*Id.* at ¶ 29.

Defendant sent a response to the letter. *See* Comp'l, Ex. B. The response states:

> Although you have referred to your letter as a "Qualified Written Request" under the Real Estate Settlement Procedures Act, it appears that your request is more of an attempt at discovery. A qualified written request is not a substitute for litigation discovery. Please note that 12 U.S.C. 2605(e) affords a borrower a method of disputing and challenging a specific error with the servicing of a loan. If you have a specific dispute with the servicing of the loan, please call so that we can discuss and reach a resolution to the matter.
>
> Pursuant to your request, enclosed is a copy of the Note which validates the obligation to Wells Fargo Home Mortgage under the loan referenced above. For your review, a 12-month Loan History will follow under separate cover. . . .
>
> . . .
>
> Any documents or requested information not provided in this letter is due to the request being too broad to determine specific information needed, or are considered to be proprietary information of Wells Fargo Home Mortgage and will not be provided at this time without a subpoena.

SAC, Ex. B. Plaintiffs allege, "Plaintiff[s] specifically requested the breakdown of the fees placed on their account as they were disputing the charges that were assessed to their account. Defendant's failure to respond to the QWR has resulted in additional interest and penalties that have accumulated on top of these charges that Plaintiffs are still disputing." SAC at ¶ 35.

**II.     Motion to Dismiss**

   **A.     Legal Standards**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss based on rule 12(b)(6) challenges the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

3

United States District Court
Northern District of California

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

### B.     Request for Judicial Notice

As a preliminary matter, Defendant asks that the Court take judicial notice of a number of documents in support of its motion to dismiss. A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

The documents are purportedly true and correct copies of: A) a Certificate of Corporate Existence dated April 21, 2006 issued by the Office of Thrift Supervision certifying that World Savings Bank, FSB, is a federal savings bank; B) a letter dated November 19, 2007 on the letterhead of the Office of Thrift Supervision authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB; C) the Charter of Wachovia Mortgage, FSB; D) Official Certification of the Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.; E) a printout from the Federal Deposit Insurance Corporation dated September 2, 2010; F) a Notice of Default and Election to Sell Under Deed of Trust recorded in Alameda County Recorder's Office on October 28, 2010; and G) a Notice of Trustee's Sale Trust recorded in Alameda County Recorder's Office on August 12, 2011.

Plaintiffs do not oppose Defendant's request for judicial notice. The accuracy of the information contained in the documents is hearsay and could reasonably be questioned. But as Plaintiff has not disputed the authenticity of Exhibits F and G, the Court finds that the exhibits are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Accordingly, the Court will take notice of the existence of the documents and the date on which they were recorded, but will not assume the truth of the facts therein.

As for Exhibits A through E, Defendants argue that they are appropriate for judicial notice because they "reflect the official acts of United States' executive departments." The California Evidence Code provides that judicial notice is proper for documents that reflect the acts of executive agencies of the United States government. *See* California Evidence Code§ 452 (c) (judicial notice may be taken of official acts of the legislative, executive or judicial departments). Some district courts in California follow the California Evidence Code by judicially noticing official acts of the Office of Thrift Supervision, the Comptroller of the Currency, and the FDIC. *See, e.g., Coppes v. Wachovia Mortgage Corp.*, 2010 WL 4483817 (E.D. Cal. 2010) at *2-*3 (collecting cases). As Plaintiffs do not object to Defendant's request

that the documents be judicially noticed, the Court will take notice of the existence of the documents and the date on which they were recorded, but will not assume the truth of the facts therein.

**C.     Analysis**

Plaintiffs' second amended complaint contains one RESPA cause of action. The Court previously dismissed the RESPA claim in Plaintiff's first amended complaint. The Court found that Plaintiffs had not sufficiently pled a violation of section 2605(e)(3) of the statute, finding:

> Plaintiffs' allegation that Wells Fargo failed to comply with § 2605(e)(3), which prohibits providing information regarding overdue payments to consumer reporting agencies, is insufficient to state a claim, as it is a conclusory statement that does not meet pleading standards. *Iqbal*, 556 U.S. at 678. Nevertheless, this allegation may be amended to include, if possible, sufficient facts that, taken as true, show that Defendant reported Plaintiffs' overdue payments to one or more consumer reporting agencies within 60 days after receiving Plaintiffs' QWR.

Plaintiffs' second amended complaint does not cure this defect. Plaintiffs merely state that the statute prohibited Defendant from providing information regarding overdue payments to a consumer reporting agency for a period of time, and then state "Defendants failed to properly comply with 12 U.S.C. § 2605(e)(3)." SAC at ¶ 36. Again, Plaintiffs have failed to plead any facts to support their conclusory statement that the statute was violated. Plaintiffs do not allege that Defendant provided information regarding Plaintiffs' overdue payments within 60 days of receiving Plaintiffs' QWR. Perhaps Plaintiffs have failed to make such an allegation because they cannot, and, therefore, cannot amend the complaint to sufficiently state a cause of action. The Court will give Plaintiffs one last chance to do so.

The Court also previously found that Plaintiffs had not sufficiently pled actual damages resulting from the RESPA violation. The Court wrote:

> Finally, Defendants argue that Plaintiffs have failed to plead pecuniary harm resulting from the alleged violation of RESPA. A plaintiff bringing a cause of action under RESPA for failure to respond to a QWR must allege actual damages. *See Williams v. Wells Fargo Bank, N.A., Inc.*, C 10-00399 JF (HRL), 2010 WL 1463521 (N.D. Cal. Apr. 13, 2010) (collecting cases finding that conclusory allegations of damages were not sufficient). In addition, the plaintiff must "point to some colorable relationship between his injury and the actions or omissions that allegedly violated RESPA." *Allen v. United Fin. Mortgage Corp.*, No. 09–2507 SC, 2010 WL 1135787, at *5 (N.D. Cal.

> March 22, 2010) (dismissing RESPA claim where Plaintiff alleged he suffered damages of falling behind on his mortgage payments, negative credit impact, and emotional distress, but failed to allege the causal relationship of the damages to RESPA violations).
>
> Here, Plaintiffs allege that they have been damaged by "ongoing penalties, fees, and interest charged by Defendant, including but not limited to a charge of 5% of their overdue payment of principal and interest," "copying charges and postal fees in preparing and sending Defendants the herein attached QWR and VOD", and "considerable time away from their employment preparing the QWR and VOD and attempting to contact Defendants inquiring about the whereabouts of Defendants' response causing Plaintiffs to suffer additional losses of income." FAC ¶¶ 100-102. But Plaintiffs have not alleged a causal connection between Defendants' failure to properly respond to the QWR and these losses, and it is unclear why these damages would be caused by Defendants' failure to properly respond to Plaintiffs' request.

Plaintiffs' second amended complaint does not remedy this defect, either. The second amended complaint alleges that Defendant's failure to fully respond to the QWR "caused Plaintiff[s] to pay more than necessary on the loan and to incur costs in repairing their credit," "resulted in additional interest and penalties that have accumulated on top of these charges that Plaintiffs are still disputing," and caused Plaintiffs to "suffer damage to their credit score and lines of credit, increased interest, penalties and fees." SAC at ¶ 35.

     Plaintiffs do not explicitly allege that Defendant's loan statements were inaccurate, and that they were overcharged. If the loan statements were accurate, there is no causal connection between Plaintiffs' injuries and Defendant's failure to respond to the QWR. If the charges were accurate, Plaintiffs would not have paid more than was necessary on the loan, and would not have been charged unfair amounts of interest or penalties. Any damage to Plaintiffs' credit scores or lines of credit, and any costs incurred to repair their credit, would be due to their own default, not any action or inaction by Defendant.

     Plaintiffs claim that their "inability to properly dispute [the] fees has caused Plaintiffs to incur additional interest, penalties and fees for which they would otherwise not be charged." Pls' Opp'n at 2. But this allegation makes no sense, unless the fees Plaintiffs were charged were inaccurate. Plaintiffs rely on a Northern District of Illinois case, *Johnstone v. Bank of America*, in support of their argument that the mere inability to dispute fees has a causal connection to paying

interest, penalties and fees. *See* 173 F. Supp. 2d 809. In *Johnstone*, the plaintiff had alleged that she had informed the bank of several problems with her mortgage, including that her mortgage payments were not credited to her account, and that the bank had forced her to buy insurance by deducting money from her tax escrow account, causing her tax payments not to go through. *Id.* at 811. In that case, the court found that the plaintiff had sufficiently alleged a causal connection between the defendant's failure to correct these problems and the plaintiff's late fees. In contrast, in this case, Plaintiffs have not alleged that any of Defendant's records or charges were incorrect. Therefore, Plaintiffs have again failed to plead actual damages resulting from Defendant's RESPA violation. The Court will grant Plaintiffs one last opportunity to cure this deficiency.

Defendant argues in its motion to dismiss the second amended complaint that it provided a sufficient response to Plaintiffs' QWR. This argument has been addressed, albeit in reference to a different complaint, in the Court's order on the motion to dismiss the first amended complaint. *See* Dkt # 46 at 13-14. Because Plaintiffs' second amended complaint must be dismissed, the Court will not address this argument with respect to the second amended complaint.

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss the second amended complaint is granted, with leave to amend, if possible, to state a cognizable RESPA claim.

2. Plaintiffs must file a third amended complaint curing the defects set out above within 30 days of the date of this order. The factual allegations that need to be made to sufficiently state a claim are not complicated; either Plaintiffs can allege sufficient facts or they cannot. This will be Plaintiffs' fourth and last chance. No further opportunities to amend will be granted.

DATE: April 30, 2013

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE