UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME VARELA, et al., | Case No.: 12-cv-3502 KAW |
| Plaintiffs, | ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW |
| vs. | |
| WELLS FARGO HOME MORTGAGE, et al., | |
| Defendants. | |

Presently, Plaintiffs Jaime and Noelia Varela are represented by attorneys September Joy Katje and Kimberly A. Harris Moses. On April 2, 2013, counsel moved to withdraw. Counsel states that since January, Plaintiffs have not responded to counsel's numerous phone calls and emails. Moreover, Plaintiffs have not paid counsel attorney and filing fees, as they are contractually obligated to do. Counsel served copies of their motion on Plaintiffs, and the copies were delivered to Plaintiffs by certified mail.

Plaintiffs did not file an opposition to counsel's motion to withdraw. The Court held a hearing on the motion on May 16, 2013. September Katje appeared at the hearing, but Plaintiffs did not.

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The local rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be

granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or pro se if the client is not a corporate defendant. Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Under California Rule of Professional Conduct 3-700(C), an attorney may request permission to withdraw if the client breaches an agreement or obligation to its counsel as to expenses or fees, or if the client engages in "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively," such as a client's failure to communicate with its attorney. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(d).

The Court has discretion regarding whether to grant a motion to withdraw; an attorney's request to withdraw should be denied "where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (holding there was no prejudice or undue delay to client where counsel provided sufficient notice of its intent to withdraw and where no trial date had yet been set in the case).

The Court finds that good cause exists to grant counsel's motion to withdraw. Counsel has attested that Plaintiffs have not paid their legal bills, and have not communicated with their attorneys. Both of these are independently valid grounds for withdrawal. Although Plaintiffs have been served with counsel's motion to withdraw, neither they nor Defendants have objected to the motion. There has been no showing that withdrawal would work an injustice or cause undue delay.

Accordingly, Plaintiffs' counsel's motion to withdraw is granted. Because Plaintiffs have not consented to the withdrawal and no substitution of counsel has been filed, all papers from the court and from Defendants shall continue to be served on Plaintiffs' counsel for forwarding purposes until a substitution of counsel is filed. *See* Civil L.R. 11-5(b).

It is so ORDERED.

DATE: May 16, 2013

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE